UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 3 1 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

PUBLIC CITIZEN, INC., )
 )
Plaintiff, )
 )
v. ) Civ. Action No. 04-0463 (RJL)
 )
NORMAN Y. MINETA, et al., )
 )
Defendants. )

## SUPPLEMENTAL MEMORANDUM OPINION
(July **30**, 2006) [#48]

Currently before the Court is Intervenor-defendant Rubber Manufacturers Association's ("RMA") Motion to Alter or Amend The Judgment Pursuant to Federal Rule of Civil Procedure 59(e). Upon consideration of Intervenor-defendant's motion, plaintiff Public Citizen, Inc.'s and defendant Norman Mineta's responses thereto, the prior motions for summary judgment on the relevant issue of law, the applicable law, and the entire record in this case, the Court will Grant Intervenor-defendant RMA's motion. Accordingly, the Memorandum Opinion and Final Judgment of this Court issued on March 31, 2006, is hereby amended to address Count I of RMA's Cross-claim as set forth below.

### BACKGROUND

On October 11, 2000, Congress passed the Transportation Recall Enhancement, Accountability, and Documentation ("TREAD") Act, which requires automobile manufacturers to submit various types of data to NHTSA pursuant to "early warning"

reporting regulations ("EWR"). 49 U.S.C. § 30166(m). The TREAD Act directed the Secretary of the Department of Transportation ("Secretary") to institute rulemaking proceedings to implement the EWR requirements. 49 U.S.C. § 30166(m)(1). In accordance with this mandate, NHTSA published the final EWR regulation on July 10, 2002. As summarized by Defendant Mineta, the data submitted to NHTSA under the EWR regulation includes:

- Production numbers (cumulative total of vehicles or items of equipment manufactured in the year);
- incidents involving death or injury based on claims and notices received by the manufacturer;
- claims relating to property damage received by the manufacturer;
- warranty claims paid by the manufacturer (generally for repairs on relatively new products) pursuant to a warranty program (in the tire industry these are warranty adjustment claims);
- consumer complaints (a communication by a consumer to the manufacturer that expresses dissatisfaction with the manufacturer's product or performance of its product or an alleged defect; and
- field reports (prepared by the manufacturer's employees or representatives concerning failure, malfunction, lack of durability or other performance problem of a motor vehicle or item of motor vehicle equipment.

Def. Mineta's Mem. Supp. Summ. J. at 6; *see* 67 Fed. Reg. 45,822, 45,878-83 (Jul. 10, 2002); *see also* 49 C.F.R. 579.21-579.29, Subpart C.

In addition, a disclosure provision pertaining to the EWR regulation is set forth at Section 30166(m)(4)(C) and provides that:

None of the information collected pursuant to the final rule promulgated under paragraph (1) shall be disclosed pursuant to section 30167(b) [49 U.S.C. § 30167(b)] unless the Secretary determines the disclosure of such information

2

will assist in carrying out sections 30117(b) and 30118 through 30121 [49 U.S.C. § 30117(b) and 30118 through 30121].

49 U.S.C. 30166(m)(4)(C).

Section 30167, which is the general disclosure provision in 49 U.S.C. §§ 30101 *et seq.* ("Chapter 301"), pertaining to Motor Vehicle Safety provides in pertinent part that:

> (a) Confidentiality of information. Information obtained under this chapter [49 U.S.C. §§ 30101 *et seq.*] related to a confidential matter referred to in section 1905 of title 18 may be disclosed only in the following ways:
>    (1) to other officers and employees carrying out this chapter.
>    (2) when relevant to a proceeding under this chapter.
>    (3) to the public if the confidentiality of the information is preserved.
>    (4) to the public when the Secretary of Transportation decides that disclosure is necessary to carry out section 30101 of this title.
>
> (b) Defect and noncompliance information. Subject to subsection (a) of this section, the Secretary shall disclose information obtained under this chapter [49 U.S.C. §§ 30101 *et seq.*] related to a defect or noncompliance that the Secretary decides will assist in carrying out sections 30117(b) and 30118-30121 of this title or that is required to be disclosed under section 30118(a) of this title. A requirement to disclose information under this subsection is in addition to the requirements of section 552 of title 5.

49 U.S.C. § 30167(a) and (b).

Pursuant to the EWR regulations, members of RMA have submitted information to NHTSA. (RMA's Mot. Summ. J., Ex. 1.) Pending resolution of this litigation, NHTSA has issued an administrative stay of the release of EWR data that members of RMA have submitted. (*Id.*, Ex. 3.) While any disclosure of EWR data submitted to NHSTA under Sections 30166(m)(4)(C) or 30167(b) would ultimately require a finding by the Secretary that

doing so would assist in carrying out Sections 30117(b) and 30118-30121, the Court is not aware whether such a finding has been made yet by the Secretary.

RMA intervened in this litigation in order to raise the claim that the EWR disclosure provision in Section 30166(m)(4)(C) qualifies under Exemption 3 of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(b)(3), for the withholding of information.[1] (*See* Cross-cl. of Intervenor the Rubber Mfrs. Ass'n ("RMA's Cross-cl.") ¶¶ 26-33.) RMA subsequently filed a Motion for Summary Judgment on this claim.[2] (Dkt. # 18.) Defendant Mineta refutes RMA's claim that Section 30166(m)(4)(C) is a statute that qualifies under FOIA Exemption 3. (*See* Df. Mineta's Mem. In Supp. Of His Mot. Summ. J. and in Opp'n to Pl.'s and Intervenor/Cross-claimant's Mots. Summ. J. 46-49.)

On March 31, 2006, this Court issued a Memorandum and Opinion that found that NHTSA had the authority to make categorical confidentiality determinations of classes of EWR data and that NHTSA's Notice of Proposed Rulemaking did not provide adequate notice and opportunity to comment as the final Confidential Business Information Rule issued by the agency was not a logical outgrowth of the proposed rule. *Public Citizen, Inc. v. Mineta*, No. 04-C0463, 2006 U.S. Dist. LEXIS 18580 (D.D.C. Mar. 31, 2006). On April 14, 2006, RMA filed a Motion to Alter or Amend The Judgment Pursuant to Federal Rule

---

[1] For the background surrounding the lawsuit filed by Public Citizen, Inc., see this Court's earlier Memorandum Opinion, *Public Citizen, Inc. v. Mineta*, No. 04-C0463, 2006 U.S. Dist. LEXIS 18580 (D.D.C. Mar. 31, 2006).

[2] Attached to RMA's Motion for Summary Judgment was a Motion to Dismiss with Prejudice Count II of Its Cross-Claim. (*See* RMA's Mot. Summ. J., attached motion.) The Court grants RMA's Motion to Dismiss with Prejudice Count II of Its Cross-Claim.

of Civil Procedure 59(e), (Dkt. #48), asking the Court to address RMA's claim that the EWR data submitted to NHTSA qualifies by virtue of 49 U.S.C. § 30166(m)(4)(C) as data "specifically exempted from disclosure by statute" under FOIA Exemption 3, 5 U.S.C. § 552(b)(3). Public Citizen and defendant Mineta both filed responses to RMA's motion to alter or amend the judgment agreeing with RMA that the motion to alter and amend the judgment should be granted and that the Court should address RMA's FOIA Exemption 3 claim. (Dkts. # 49, 52.)

## ANALYSIS

### I. FEDERAL RULE OF CIVIL PROCEDURE 59(e)

A court has considerable discretion to alter or amend a judgment under Rule 59(e). However, doing so is an extraordinary relief that need not be granted unless the court concludes: (1) that there has been an intervening change of controlling law; (2) that new evidence is available; or (3) that amendment or alteration is needed to correct a clear error or prevent manifest injustice. *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam). A Rule 59(e) motion is not a means to reargue facts and legal theories upon which a court has already ruled, *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), nor a vehicle to present arguments or evidence that could have been advanced earlier. *Kattan v. District of Columbia*, 301 U.S. App. D.C. 374, 995 F.2d 274, 276 (D.C. Cir. 1993); *W.C. & A.N. Miller Cos. v. United States*, 173 F.R.D. 1, 3 (D.D.C. 1997).

In this matter, the Court, after further reflection, finds that failing to address whether or not the EWR data submitted by members of RMA is exempt from disclosure pursuant to FOIA Exemption 3 could result in a "manifest injustice" if that data were to be disclosed by the Secretary before a ruling on the FOIA Exemption 3 issue. *Firestone*, 76 F.3d at 1208. Indeed, NHTSA's issuance of an administrative stay of the disclosure of such information pending the outcome of this litigation is testament enough to the potential harm that could befell the RMA and others. (*See* RMA's Mot. Summ. J., Ex. 3.) Therefore, to prevent a "manifest injustice," the Court GRANTS Intervenor-defendant RMA's Motion to Alter or Amend The Judgment Pursuant to Federal Rule of Civil Procedure 59(e). This Supplemental Memorandum Opinion shall be read in coordination with the Memorandum Opinion issued by this Court on March 31, 2006, and the accompanying Amended Final Judgment will replace that which was filed on March 31, 2006.

### III.   FOIA EXEMPTION 3 DOES NOT APPLY TO EWR MATERIAL

The legal issue before this Court is whether the EWR data, required to be submitted to NHTSA, qualifies by virtue of 49 U.S.C. § 30166(m)(4)(C) as information "specifically exempted from disclosure by statute" under FOIA Exemption 3. 5 U.S.C. § 552(b)(3). Exemption 3 protects from disclosure information that is "specifically exempted from disclosure by statute . . . provided that such statute either "(A) [requires withholding] in such a manner as to leave no discretion on the issue," or "(B) establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3)

(2000). Thus, there are three possible ways for a statute to qualify under Exemption 3, although having been listed in the disjunctive, it is only required that a statute satisfy one condition to qualify under Exemption 3. *See Ass'n of Retired R.R. Workers, Inc. V. U.S. R.R. Retirement Bd.*, 830 F.2d 331, 334 (D.C. Cir. 1987); *see also Chong v. U.S. Drug Enforcement Admin.*, 929 F.2d 729, 734 (D.C. Cir. 1991). Since neither side contends that Section 30166(m)(4)(C) falls within Subsection A of Exemption 3, the Court is left to determine if the statute qualifies under either prong of Subsection B.

In *American Jewish Congress v. Kreps*, our Circuit Court stated that a statute would satisfy the first prong of Subsection B if the statute "incorporates a formula whereby the administrator may determine precisely whether disclosure in any instance would pose the hazard that Congress foresaw" in the disclosing of the information. 574 F.2d 624, 628-29 (D.C. Cir. 1978); *see CNA Financial Corp. v. Donovan*, 830 F.2d 1132, 1139 (D.C. Cir. 1987). Our Circuit Court has also stated that "Subsection (b)'s second prong is intended to reach those statutes in which Congress itself has manifested a determination that certain specified material should remain confidential." *Chong*, 929 F.2d at 733. While both prongs of Subsection B allow for some "administrative discretion," the purpose of the subsection "is to assure that the basic policy decisions on governmental secrecy be made by the Legislative rather than the Executive branch." *Kreps*, 574 F.2d at 628.

In determining if a statute qualifies as a "withholding statute" under Exemption 3, no weight is to be given to an agency's interpretation of the statute as "agencies are not

7

necessarily neutral interpreters." *Ass'n of Retired R.R. Workers, Inc.*, 830 F.2d at 334; *see Reporters Comm. for Freedom of the Press v. U.S. Dep't of Justice*, 816 F.2d 730, 734 (D.C. Cir. 1987) ("*Reporters Comm.*"). A court, when reading and interpreting the statute, "must find a congressional purpose to exempt matters from disclosure in the actual words of statute (or at least in the legislative history of FOIA) – not in the legislative history of the claimed withholding statute." *Reporters Comm.*, 816 F.2d at 735 (internal citations omitted). Therefore, this Court is confined to the "traditional plain meaning rule" in its statutory interpretation of 49 U.S.C. § 30166(m)(4)(C). *Id.* Following the law of our Circuit and applying the plain meaning rule to interpreting the statute, the Court finds that Section 30166(m)(4)(C) does not qualify as a "withholding statute" under either prong of Subsection B of Exemption 3.

While Section 30166(m) specifically pertains to EWR data collected by the Department of Transportation, the disclosure provision in that section, § 30166(m)(4)(C), describes the process for the disclosure of EWR data that the Secretary *shall* disclose to the public. *Compare* 49 U.S.C. § 30166(m)(4)(C) *with* 49 U.S.C. § 30167(b). Specifically, Section § 30166(m)(4)(C) states that "[n]one of the information collected pursuant to the final rule promulgated under paragraph (1) [the EWR data] shall be disclosed pursuant to section 30167(b) unless the Secretary determines the disclosure of such information will assist in carrying out" of other specific sections of Chapter 301. 49 U.S.C. § 30166(m)(4)(C). Since the statute clearly states that the EWR data shall not be disclosed

"*pursuant to section 30167(b)*" unless the Secretary makes certain findings, it is necessary to focus on Section 30167(b)'s meaning before determining whether the statute qualifies as a withholding statute under Exemption 3.

Section 30167(b) pertains to the disclosure of information collected under all of Chapter 301 by the Secretary and states "the Secretary *shall* disclose information obtained under this chapter related to defect or noncompliance that the Secretary decides will assist in the carrying out" of other sections of Chapter 301. 49 U.S.C. § 30167(b). Additionally, Section 30167(b) states that the "requirement to disclose information under this subsection is in addition to the requirements of section 552 of Title 5 (the FOIA Act). *Id.* Since Section 30167(b) pertains to information under Chapter 301 that the Secretary *shall* disclose, and those disclosures will be in addition to the disclosure requirements of FOIA, Section 30167(b) cannot be fairly read as a "withholding statute" under either prong of Subsection B of Exemption 3.

Similarly, Section 30166(m)(4)(C) although written in the negative (i.e., none of the information . . . shall be disclosed), also fails to qualify under either prong of Exemption 3 as a "withholding statute." As to the first prong, it cannot qualify because it does not "incorporate[] a formula whereby the administrator may determine precisely whether disclosure in any instance would pose the hazard that Congress foresaw." *Kreps*, 574 F.2d at 628-29. While the Secretary has to disclose information obtained by the Department of Transportation under 49 U.S.C. § 30101 *et seq.* that the Secretary decides will assist in the

carrying out of other sections of Chapter 301, 49 U.S.C. § 30167(b), the EWR data obtained by the department is essentially a subset of that information. If the Secretary decides that disclosure will assist in carrying out any one of those enumerated sections of Chapter 301, then the Secretary must disclose the relevant EWR data. *Id.* Section 30166(m)(4)(C) reemphasizes the fact that the EWR data collected that relates to defect or noncompliance that the Secretary finds will assist in the carrying out of the other sections of Chapter 301 *shall* be disclosed. 49 U.S.C. § 30166(m)(4)(C). Therefore, there is no specific formula for the Secretary to follow or particular criteria established to determine whether it will be helpful in carrying out the enumerated provisions. *See Kreps*, 574 F.2d at 628-29; *see also* 5 U.S.C. § 552(b)(3). Accordingly, the "formula requirement" under FOIA Exemption 3 is not satisfied.

Section 30166(m)(4)(C) also fails to qualify under the second prong of Exemption 3 because it neither "refers to particular types of matters to be withheld," 5 U.S.C. § 552(b)(3), nor clearly states that Congress, in writing the statute, "manifested a determination that certain specified material should remain confidential," *Chong*, 929 F.2d at 733. While Section 30166(m)(4)(C) does specifically reference the EWR data that must be submitted to the Department of Transportation, the statute does not state that certain EWR data should remain confidential. *See* 49 U.S.C. § 30166(m)(4)(C), 30167(b). The statute merely reemphasizes, and clarifies, that if any of the EWR data that relates to defects or noncompliance is going to be released in accordance with Section 30167(b), the Secretary

must first determine that the disclosure of such information will assist in carrying out other sections of Chapter 301. 49 U.S.C. § 30166(m)(4)(C). The Secretary, under both Sections, is given wide latitude to determine whether the disclosure of any of the materials will, or will not, be helpful in the carrying out of certain enumerated sections. *See* 49 U.S.C. §§ 30166(m)(4)(C), 30167(b). Accordingly, the Court concludes that Section 30166(m)(4)(C) does not qualify under the second prong of FOIA Exemption 3.

## CONCLUSION

For the foregoing reasons, the Court GRANTS [#48] Intervenor-defendant Rubber Manufacturers Association's Motion to Alter or Amend The Judgment Pursuant to Federal Rule of Civil Procedure 59(e) and finds that 49 U.S.C. § 30166(m)(4)(C) is not a statute that qualifies as a withholding statute under FOIA Exemption 3. An appropriate Order will issue with this Memorandum Opinion.

RICHARD J. LEON
United States District Judge